IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **RICHARD JAMES JOHNSON,** ) | | |
| **#1005689,** ) | | |
| Petitioner, ) | | |
| ) | | |
| v. ) | 3:07-CV-1685-P | |
| ) | ECF | |
| **NATHANIEL QUARTERMAN, Director,** ) | | |
| **Texas Department of Criminal Justice,** ) | | |
| **Correctional Institutions Division,** ) | | |
| Respondent. ) | | |

# FINDINGS, CONCLUSIONS AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court filed on January 9, 2008, this case has been re-referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* petition for habeas corpus relief submitted by a state prisoner.

Parties: Petitioner is currently confined within the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID). Respondent is the Director of TDCJ-CID. The Court did not issue process pending preliminary screening.

Statement of the Case: On January 10, 2008, the Court issued a deficiency order advising Petitioner that his habeas corpus petition was unsigned, and that it was not properly filled out – i.e., it failed to specify the conviction(s) at issue, or the ground(s) for relief. The order directed Petitioner to cure the deficiencies within thirty days and cautioned him that failure to comply

with the order would result in a recommendation that the complaint be dismissed for failure to prosecute. As of the date of this recommendation, Petitioner has failed to comply with the deficiency order.

Findings and Conclusions: Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127(5th Cir. 1988). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Petitioner has been given ample opportunity to comply with the deficiency order. He has refused or declined to do so. Therefore, this action should be dismissed without prejudice for want of prosecution. *See* Fed. R. Civ. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified); *Callip v. Harris County Child Welfare Department*, 757 F.2d 1513, 1519 (5th Cir. 1985) (setting out higher standard for dismissals with prejudice for want of prosecution).[1]

---

[1] This habeas corpus action was transferred from the U.S. District Court for the Southern District of Texas, Galveston Division, because it appeared Petitioner was seeking to challenge an Ellis County conviction. Records from the Texas Department of Criminal Justice reflect Petitioner is presently incarcerated on two convictions from Angelina County: (1) a conviction for burglary of habitation in No. 21,459, for which he was sentenced to thirty years imprisonment, and (2) a conviction for escape in No. 21,712, for which he was sentenced to ninety-nine years. *See* TDCJ Offender Information Detail, http://168.51.178.33/webapp/TDCJ/InmateDetails.jsp?sidnumber=04034287.

Petitioner previously unsuccessfully challenged both convictions in the U.S. District Court for the Eastern District of Texas. *See Johnson v. Director*, 9:04cv174 (E.D. Tex., Lufkin Div. Mar. 23, 2005 )(dismissing federal petition challenging burglary conviction from Angelina

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be DISMISSED without prejudice for want of prosecution.

A copy of this recommendation shall be mailed to Petitioner.

Signed this 19th day of February, 2008.

*Wm. F. Sanderson, Jr.*

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

County as time barred); *Johnson v. Director*, 9:02cv219 (E.D. Tex., Lufkin Div. Apr. 14, 2003) (denying federal petition challenging escape conviction from Angelina County).